UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD D. YARBROUGH,          :

    Plaintiff,                :

                                    CIVIL ACTION NO.

v.                            :

                                    1:05-CV-2313-MHS

INTEGRATED MANAGEMENT     :
RESOURCES GROUP, INC.,

                          :

    Defendant.

## ORDER

Presently before the Court is defendant's motion for attorneys' fees. For the reasons set forth below, the Court grants defendant's motion.

Background

Plaintiff, proceeding pro se, filed a complaint with the Court alleging that defendant discriminated against him based on his religion when it terminated him, failed to promote him, and retaliated against him on the basis of religion. He also apparently contended that defendant subjected him to a hostile work environment when one of his supervisors read the Bible to him in a meeting. Defendant then moved to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted. In his response to defendant's motion, plaintiff abandoned his claims of discriminatory

termination, discriminatorily denied promotions, and retaliation, and his sole remaining claim was for religious discrimination based on the Bible reading incident. On January 26, 2006, the Court adopted the Report and Recommendation of the Magistrate Judge and pursuant to Fed. R. Civ. P. 12(b)(6) dismissed with prejudice plaintiff's complaint because he did not make out a prima facie case under some viable theory of employment discrimination or retaliation and the single isolated instance of Bible reading did not create a hostile work environment. Defendant now moves to recover attorneys' fees in the amount of $21,798.10 in this case.

Discussion

Defendant argues that it is entitled to attorneys' fees pursuant 42 U.S.C. § 2000e-5(k) as a prevailing party under Title VII and meets the factors set out in Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985). In addition, defendant contends that the Court should award it attorneys' fees because plaintiff's claims were frivolous as a matter of law.

Defendant further argues that plaintiff has acted in bad faith by engaging in a vexatious and unrelenting campaign of harassment. Defendant

2

AO 72A
(Rev.8/82)

terminated plaintiff on July 10, 2004. Defendant appealed plaintiff's claim for unemployment benefits, and the Georgia Department of Labor Appeals Tribunal found that plaintiff was ineligible to receive unemployment benefits because he was terminated for poor work performance and misconduct. This ruling was affirmed on appeal. Defendant contends that despite knowing the Department of Labor's finding that he was terminated for legitimate business reasons, plaintiff pursued his claims against defendant by filing his complaint in this Court alleging discrimination related to his termination. Only after defendant had spent thousands of dollars disputing plaintiff's claims, did plaintiff abandon all of his claims except his claim of hostile work environment based on plaintiff's religion arising from the Bible reading incident. Defendant argues that it was clear that his termination was not in retaliation or based on religious discrimination because his termination occurred six months after plaintiff filed objections about the Bible reading by a supervisor who stated that she was unaware of his objections.

Defendant further explains that on February 16, 2005, a man calling from plaintiff's phone number posed as an EEOC official and tried to elicit information from defendant's counsel. Additionally, after his termination,

plaintiff made disparaging comments about defendant to Georgia's United States Senators and to the press.

Plaintiff has not responded to defendant's motion, and therefore it is deemed to be unopposed. LR 7.1B, N.D. Ga.

The Court has discretion in awarding attorneys' fees under Title VII. 42 U.S.C. § 2000e-5(k). The Court may award a prevailing defendant attorneys' fees in a Title VII action upon a finding that the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). The Court can also assess attorneys' fees if a plaintiff continued to litigate a claim after it clearly became frivolous, unreasonable, or groundless or if he did so in bad faith. Id. at 422. The Court must be mindful not to engage in post hoc reasoning by concluding that because plaintiff did not prevail, his action must have been unreasonable or without foundation. Sullivan, 773 F.2d at 1188-89. Instead, in assessing frivolity, the Court must focus on whether the case is so lacking in arguable merit as to be groundless or without foundation. Id. at 1189.

AO 72A
(Rev.8/82)

There are three general guidelines to lead the Court in determining whether a claim is frivolous: 1) whether plaintiff established a prima facie case; 2) whether defendant offered to settle; and 3) whether the trial court held a full blown trial or dismissed the case prior to trial. Id. In this case, the Court found that plaintiff had failed to establish a prima facie case for his claim of employment discrimination or retaliation. Defendant never offered to settle this case but participated in EEOC conciliation and mediation and informed plaintiff that it would discuss settlements after the close of discovery. Finally, the Court dismissed this case before a trial.

After reviewing the Sullivan factors and the evidence submitted by defendant, the Court concludes that plaintiff's action was without foundation. This case did not involve a close call regarding an interpretation of the law or facts. Accordingly, the Court grants defendant's motion for attorneys' fees. See Evans v. Georgia Pacific, Inc., No. 05-14585, 2006 WL 858523 (11th Cir. Apr. 4, 2006) (district court did not abuse discretion in making award of attorneys' fees where plaintiff failed to make prima facie case, case was not a close call on law or facts, and plaintiff did not object to defendant's motion for attorneys' fees).

Defendant seeks $21,798.10 in attorneys' fees in this case. Defendant does not seek any reimbursement for the nominal costs and expenses it incurred. The Court finds that defendant's request is reasonable and awards attorneys' fees in the amount of $21,798.10 to defendant.

Conclusion

For the foregoing reasons, the Court GRANTS defendant's motion for attorneys' fees [#21] and ORDERS plaintiff to pay defendant $21,798.10 in attorneys' fees.

IT IS SO ORDERED, this 25th day of April, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia